UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LENORAH LOUISE DRAYTON-SMITH, )
)
    Plaintiff, )
)
  vs. ) Case No. 4:15-CV-1952 (CEJ)
)
DEBORAH JOYCE WRIGHT, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendants Mark Butler and Deborah Joyce Wright to dismiss for lack of subject matter jurisdiction.[1] Plaintiff, who proceeds *pro se*, has filed a response in opposition. In addition, plaintiff has filed a motion for appointment of counsel and a document purporting to be an amended complaint, which Butler moves to strike. The Court will examine the proposed amended complaint to determine whether it resolves the jurisdictional defect raised by defendants' motions to dismiss.

    **I.**    **Background**

Plaintiff Lenorah Louise Drayton-Smith alleges that in 2011 she decided to move from Georgia to St. Louis, Missouri to be closer to her children, including defendant Wright. Working with Butler, a real estate agent employed by defendant HRS Realty, plaintiff found a house that she wanted to buy. According to the complaint, Butler advised plaintiff that because plaintiff was still in Georgia, the paperwork for the real estate transaction could be completed by Wright. Butler

---

[1] Defendant HRS Realty has not filed an answer or other responsive pleading. The record does not contain any proof that plaintiff served this defendant with a summons and copy of the complaint.

stated that Wright could then execute a quitclaim deed to transfer ownership of the property to plaintiff. In the proposed amended complaint, plaintiff alleges that Wright agreed during a telephone conference that she would execute a quitclaim deed in plaintiff's favor once she moved to St. Louis. Plaintiff spent $72,500 to purchase and repair the house.

In December 2011, plaintiff moved into the St. Louis house. By that time, Wright was living in the house with her children. In April and May 2012, plaintiff asked Wright to execute a quitclaim deed, but she refused. In February 2013, Wright ordered plaintiff out of the house and prevented her from removing her possessions.

In the original complaint, plaintiff asserts a claim of fraudulent possession of real estate and seeks an order of eviction and a restraining order or, in the alternative, compensatory and punitive damages. In the proposed amended complaint, plaintiff asserts claims of abuse/intimidation and breach of contract. She also seeks return of her real estate and personal property, a permanent order of protection, and attorney fees.

II.  **Legal Standard**

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the United States Constitution and federal statutes. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The court is obligated to dismiss any action over which it does not have subject matter jurisdiction. A district court may have subject matter jurisdiction because of diversity of citizenship of the parties or because the claim arises under the Constitution or laws of the United States. 28 U.S.C. § 1331 and § 1332.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. The party seeking to establish federal jurisdiction bears the burden of proof. Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010).

### III. Discussion

Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The allegations in the complaint establish that plaintiff and defendant Wright are both citizens of Missouri. Thus, diversity jurisdiction is not present.

A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In her response in opposition to dismissal, plaintiff identifies three sources for federal-question jurisdiction: the Elder Justice Act of 2009, the Enhanced Training and Services to End Violence and Abuse of Women Later in Life Program, and the Older

Americans Act of 2006.[2] These laws do not provide a private cause of action and thus do not provide a basis for federal-question jurisdiction.

Because the Court concludes that it lacks subject matter jurisdiction, this action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motions to dismiss for lack of jurisdiction [Docs. #5, #6, #11] are **granted**.

**IT IS FURTHER ORDERED** that all other pending motions [Docs. #3, #19] are **denied as moot**.

An order of dismissal will be separately entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016.

---

[2] The Elder Justice Act of 2009 was passed to eliminate elder abuse, neglect, and exploitation as Title VI, Subtitle H of the Patient Protection and Affordable Care Act. Florida ex rel. Atty. Gen. v. U.S. Dep't of Health & Human Servs., 648 F.3d 1235, 1249 (11th Cir. 2011), aff'd in part, rev'd in part sub nom. Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012)). The Older Americans Act establishes federal grants for the administration of programs for older citizens. 42 U.S.C. § 3021, 3023. The Enhanced Training And Services To End Abuse In Later Life Program, 42 U.S.C. § 14041, provides grant funding for training and services to end elder abuse.